J-S29042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
            :         PENNSYLVANIA
            :
        v.            :
            :
            :
GURINDER SINGH          :
            :
       Appellant    :   No. 2975 EDA 2016

Appeal from the PCRA Order August 22, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0002760-2012

BEFORE:   LAZARUS, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MAY 08, 2017**

Appellant Gurinder Singh appeals from the order entered in the Court of Common Pleas of Delaware County on August 22, 2016, denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] In addition, counsel has filed an Application to Withdraw Appearance. Upon review, we grant counsel's motion seeking to withdraw and affirm the order of the PCRA court.

The trial court summarized the relevant facts and procedural history herein as follows:

On February 24, 2012, the Appellant was arrested and charged with First-Degree Murder, Third-Degree Murder, and

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

related charges, in connection with the death of his wife. Appellant contends that his wife committed suicide because of the shame resulting from their daughter marrying a Muslim man. Appellant and his wife were followers of the Sikh religion and did not approve of their daughter's marriage. The Delaware County Coroner determined that the death of Appellant's wife, Jaswinder Kaur, was a homicide by asphyxiation, assaulted by another.[1]

On April 30, 2012, a Preliminary Hearing was held and Mr. Scott Kramer, Esquire represented the Appellant. On May 10, 2012, Appellant was arraigned. On October 5, 2012, the Commonwealth filed a "Motion to Introduce Evidence of the Defendant's prior bad acts against the victim under Pa.R.E. 404(b)". (The Commonwealth asserted that on February 20, 2012, two days prior to the victim's murder, three of the Appellant's children witnessed the Appellant threaten to kill the victim. On the same date, the children observed the Appellant strike and slap the victim about her face and body). (Motion p. 2)[2].

On December 4, 2012, Appellant entered a non-negotiated Guilty Plea to Third-Degree Murder. On January 23, 2013, the court held a Sentencing Hearing[3]. At the Hearing, the Commonwealth asked the court to sentence Appellant to a period of state incarceration of 20 to 40 years. (N.T. 1/23/13 p. 30). Appellant's counsel requested the court sentence Appellant toward the bottom of the standard range. (N. T. 1/23/13 p. 27). On January 23, 2013, the court sentenced Appellant to: 15 to 30 years, SCI, followed by five years consecutive state probation with credit for time served from 2/22/12 to 1/23/13. (N. T. 1/23/13 p. 35-36).

On February 5, 2013, Appellant's Plea Counsel filed a Motion for Reconsideration of Sentence, which was denied on March 4, 2013. Appellant never filed a timely Notice of Appeal to the Superior Court. However, on October 11, 2013, Appellant's Plea Counsel filed an untimely Notice of Appeal at 2878 EDA 2013, which was withdrawn by Plea Counsel on November 26, 2013.

**PCRA I:**

On March 3, 2014, Appellant filed a *pro se* PCRA Petition alleging *inter alia* that Plea Counsel failed to file a timely notice of appeal. (*pro se* PCRA Petition p. 3). On March 5, 2014, an order was entered appointing Steve Molineux, Esquire as PCRA counsel. On November 5, 2014, Mr. Molineux, Esquire filed a "No Merit" letter. On January 9, 2015, the undersigned entered an Order dismissing the Post-Conviction Relief Act Petition. On

January 29, 2015, the Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court and it was docketed at No. 437 EDA 2015. The Superior Court issued a Memorandum Opinion filed December 29, 2015. The Opinion affirmed the PCRA denial order, holding the Petition was untimely.

**PCRA II:**

On April 28, 2016, Appellant filed his second *pro se* PCRA Petition. The court appointed Scott Galloway, Esquire, as PCRA counsel. On July 11, 2016, Mr. Galloway, filed an "Amended Petition for Post Conviction Collateral Relief". On July 27, 2016, the Commonwealth responded. On August 9, 2016, the court filed a Notice of Intent to Dismiss PCRA Petition without a Hearing. On August 22, 2016, the undersigned entered an Order dismissing the Appellant's second Post-Conviction Relief Act Petition.

On September 19, 2016, Appellant filed a timely Notice of Appeal. Consequently, pursuant to Pa. R.A.P. 1925(b), the Court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal. On September 21, 2016, Appellant filed a Concise Statement . . . .

_____

[1]Affidavit of Probable Cause p.2. (Affidavit of Probable Cause, Criminal Complaint, and Post Mortem Report were made part of the Guilty Plea and admitted into evidence as a basis for the Plea. (N. T. 12/4/12 pp. 21-22).

[2] The Appellant entered a Plea before the Motion was heard by the court.

[3] Three of the Appellant's five children testified at the Sentencing Hearing and each one testified against the Appellant. His son Praduc Singh testified: "All I want to say is I want him to receive the maximum punishment for what he did. That's all I want to say. I don't support him at all." (N.T. 12/4/12 p.12; p.14; p.21).

Trial Court Opinion, filed January 10, 2017, at 1-4.

On February 22, 2017, counsel filed his Application to Withdraw Appearance and a purported ***Turner/Finely*** brief[2] with this Court.[3]

_____

[2]***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant has not responded to the petition to withdraw as counsel, nor has he retained alternate counsel for this appeal.

Prior to addressing the merits of Appellant's claims on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation. *Commonwealth v. Daniels*, 947 A.2d 795, 797 (Pa.Super. 2008). This Court has listed the conditions to be met by counsel in seeking to withdraw in a collateral appeal as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [*Turner, supra* and *Finley, supra* and] ... must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*(Footnote Continued)* ————————————

[3] Counsel erroneously purports to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as is the case herein, the dictates of *Finley* and *Turner* are applicable. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under *Anders*, but under *Turner* and *Finley*). However, because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* "no merit" letter. *Commonwealth v. Reed*, 107 A.3d 137, 139 n. 5 (Pa.Super. 2014). We will refer to counsel's erroneously titled *Anders* Brief as a *Turner/Finley* brief.

- 4 -

\* \* \*

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted).

Herein, counsel indicates he had made a thorough review of Appellant's case, and after said review concluded the appeal is wholly frivolous. **See** Application to Withdraw Appearance, filed 2/22/17, at ¶¶ 2-3. Counsel also lists numerous issues relevant to this appeal and explains why, in his view, they lack merit. In addition, counsel has attached to his motion a copy of the letter he sent to Appellant wherein counsel advised Appellant of his right to proceed *pro se* or through privately-retained counsel. Counsel also attached to the letter a copy of his application to withdraw and **Turner/Finely** brief. Thus, we conclude that counsel has substantially complied with the requirements necessary to withdraw as counsel. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner/Finley** criteria).[4] We now

---

[4] We note that to withdraw under **Anders**, counsel must: (1) petition the Court for leave to withdraw and certify that after a thorough review of the record, he or she has concluded that the issues to be raised are wholly

*(Footnote Continued Next Page)*

- 5 -

review this appeal based on the issues of arguable merit counsel presented in the **Turner/Finley** brief to ascertain whether they entitle Appellant to relief.

Counsel identified the following issues for appellate review:

1)    The Guilty Plea offer was not knowingly, voluntarily and intelligently tendered.
2)    It was requested of Trial Counsel to provide an interpreter knowing that [Appellant] could not properly understand, spell, read or write the English language.
3)    [Appellant] requested Trial Counsel to file a timely Motion for Reconsideration of Sentence and Counsel failed to do so.
4)    Trial Counsel was requested to file a Notice of Appeal to the Superior Court which he failed to do in a timely manner resulting in said Appeal being withdrawn.

**Turner/Finely** Brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error.  **Commonwealth v. Robinson**, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016).  This Court will not disturb the PCRA court's findings unless

_(Footnote Continued)_ ————————————

frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) provide a copy of the brief to the appellant advising him of his right to obtain new counsel or to file a _pro se_ brief raising any additional points that the appellant deems worthy of review. **Karanicolas**, **supra** at 947.

there is no support for them in the certified record.  ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception.  If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant was sentenced on January 23, 2013, and filed an untimely post-sentence motion on February 5, 2013. As the post-sentence motion had been untimely filed, it did not toll the time period in which Appellant was required to file a notice of appeal with this Court. **See Commonwealth v. Green**, 862 A.2d 613, 618 (Pa.Super. 2004) (*en banc*). As such, Appellant's notice of appeal had to be filed by February 22, 2013. As Appellant failed to do so, his judgment of sentence became final for purposes of the PCRA on that date. **See** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"); **see also** U.S. Sup.Ct.R. 13.1.

A timely PCRA petition had to have been filed by Monday, February 24, 2014; therefore, the instant petition initially filed *pro se* on April 28,

2016, was patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

A prior panel of this Court previously determined we lacked jurisdiction to consider Appellant's fourth claim presented herein that his plea counsel had been ineffective for failing to file a timely notice of Appeal from Appellant's judgment of sentence because he raised it in an untimely PCRA petition. ***Commonwealth v. Singh***, No. 437 EDA 2015, unpublished memorandum at 6-8 (Pa.Super. filed December 29, 2015). Therefore, this claim was previously litigated. *See* 42 Pa.C.S.A. § 9543(a)(3) (requiring that the allegation of error an appellant presents in a PCRA petition has not been previously litigated or waived); *see also* 42 Pa.C.S.A. § 9544(a)(2) (an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

With regard to the remaining three claims Appellant presents, we find that he has not pled or proven the applicability of any exception to the PCRA time-bar under Section 9545(b), nor does he explain why he could not have known about these issues until April of 2016. As such, Appellant's second

petition filed pursuant to the PCRA is manifestly untimely and this Court lacks jurisdiction to offer him any form of relief. ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa.Super. 2011).

Motion to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017